[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 19, 2005
THOMAS K. KAHN
CLERK

No. 05-10129
Non-Argument Calendar

_____

D.C. Docket No. 00-02597-CV-CAM-1

MARK JOSEPH FOGARTY,

Petitioner-Appellant,

versus

TONY HOWERTON, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(July 19, 2005)**

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Mark Joseph Fogarty, a Georgia state prisoner, appeals, through counsel,

the denial of his petition for a writ of habeas corpus brought under 28 U.S.C.

§ 2254. Because Fogarty filed his motion after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), the provisions of that act apply. On appeal, Fogarty claims (1) the state violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), when it withheld certain evidence, including eight vehicle license tag numbers reported to police of vehicles that were being driven by a person who matched a description of the suspect; and (2) he received ineffective assistance of counsel based on his counsel's compensation agreement.

Habeas relief from a state court decision may not be granted unless it "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Quoting *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000), we explained that

> [u]nder the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the

correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001). The state court's factual findings are presumed correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The district court's findings of fact "are reviewed under the clearly erroneous standard." *Parker*, 244 F.3d at 836. "Mixed questions of law and fact are reviewed *de novo*, as are questions of law." *Id.*

## I.

Fogarty argues that the characterization of the withheld evidence as "minor" is unreasonable and contrary to clearly established federal law because he was acquitted on some charges, which provides for a reasonable probability of a different result. He asserts specifically that the withheld license tag numbers are *per se* exculpatory under *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555, 131 L. Ed. 2d 490, 496-497 (1995).

"[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87, 83 S. Ct. at 1196-97. "[E]vidence is material only if there is a

reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682, 105 S. Ct. 3375, 3383, 87 L. Ed. 2d 481 (1985). Although evidence is to be considered collectively, "the Constitution is not violated every time the government fails or chooses not to disclose evidence that might prove helpful to the defense." *Kyles*, 514 U.S. at 436-37, 115 S.Ct. at 1567.

> [T]here is never a real "*Brady* violation" unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict. There are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.

*Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 1948, 144 L.Ed.2d 286 (1999).

The district court did not err by denying Fogarty's *Brady* claim. The Georgia Court of Appeals held that Fogarty's trial counsel was aware of much of the contested evidence, and Fogarty has not rebutted this finding. Although Fogarty adequately preserved below claims regarding the 10 pieces of evidence he listed in his § 2254 petition, he failed to properly brief before us all of these claims, except for his claim regarding the license plate numbers. Thus, he has

abandoned those claims not briefed here. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues raised in passing in an initial brief are considered abandoned and not addressed by this Court).

The Georgia Court of Appeals, citing to *Kyles*, held that the remaining evidence, of which Fogarty's counsel was unaware, was minor, and its effect on the outcome was speculative. Fogarty suggests that because he was acquitted of some of the charges, the disclosure of the license tag numbers would lead to a reasonable probability of a different result under *Kyles*. *Kyles* involved withheld license plate numbers, but did not hold that the numbers themselves were *per se* exculpatory. Rather, the Supreme Court held that the list was material because it led to a reasonable probability that the outcome at trial would have been different in light of the effect on other evidence and testimony. *Kyles*, 514 U.S. at 450-53, 115 S.Ct. at 1573-75. The facts of *Kyles* are materially distinguishable, and Fogarty has not explained how the Georgia Court of Appeals unreasonably applied *Brady* or *Kyles*. Therefore, we must defer to the decision of the Georgia Court of Appeals on Fogarty's *Brady* claim.

## II.

Fogarty argues that an actual conflict of interest existed in this case based on his trial counsel's compensation agreement. He asserts that the Georgia

Supreme Court disregarded clearly established federal law by holding that the compensation agreement did not create a conflict of interest. He contends that his trial counsel tailored his defense to fit the agreement, which demonstrates an actual conflict of interest.

We review *de novo* a claim of ineffective assistance of counsel, as it is a mixed question of law and fact. *Caderno v. United States*, 256 F.3d 1213, 1216-17 (11th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that (1) "counsel's performance was deficient" in that it "fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Regarding the first prong, there is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance and judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689, 104 S.Ct. at 2065. If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (*en banc*). Regarding the second prong, prejudice occurs when a petitioner establishes that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

6

proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A reviewing court need not address the performance prong of the test if the defendant cannot meet the prejudice prong, or vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

"Prejudice [stemming from counsel's conflict of interest] is presumed only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Strickland*, 466 U.S. at 692, 104 S.Ct. at 2067 (quotation omitted). "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." *Mickens v. Taylor*, 535 U.S. 162, 172 n.5, 122 S. Ct. 1237, 1244 n.5, 152 L. Ed. 2d 291 (2002). "To prove adverse effect, a habeas corpus petitioner must show: (1) the existence of a plausible alternative defense strategy or tactic that might have been pursued; (2) that the alternative strategy or tactic was reasonable under the facts; and (3) a link between the actual conflict and the decision to forgo the alternative strategy of defense." *Pegg v. United States*, 253 F.3d 1274, 1278 (11th Cir. 2001).

The district court did not err by denying Fogarty's ineffective assistance of counsel claim. The Georgia Supreme Court, analyzing the case under *Strickland*

and *Cuyler v. Sullivan*, 446 U.S. 335, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), determined that Fogarty's counsel's fee agreement did not create an actual conflict of interest, and Fogarty did not show that his counsel's performance was defective and prejudiced him. Even if counsel actively represents conflicting interests, a habeas petitioner must show that the conflict adversely affected counsel's performance. Fogarty has not shown any link between the alleged conflict and his counsel's decision to forgo any alternative strategies of defense. Therefore, he has not shown any adverse effect of any conflict of interest, nor has he shown how the Georgia Supreme Court's decision was contrary to or an unreasonable application of federal law. Therefore, we must defer to the Georgia Supreme Court on this issue.

For the foregoing reasons, we affirm the district court's judgment denying habeas relief.

**AFFIRMED.**